[ ] AMENDED

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

_____

IN RE:   (1)  Darryl Dewayne Ayers                              Case No.

       (2)
Debtor(s)                                                       Chapter 13
_____

CHAPTER 13 PLAN
_____

Address: (1)  1534 Arbor View Court #307          (2)
          Bartlett, TN 38134

PLAN PAYMENT:

   DEBTOR (1) shall pay $  180.00     ( )weekly, (x)every two weeks, ( )semimonthly, or ( )monthly

      (x)PAYROLL DEDUCTION FROM:                              OR ( )direct pay
        G4S Secure Solutions, USA
        1395 University Blvd.
        Jupiter, FL 33458

   DEBTOR (2) shall pay $              ( )weekly, ( )every two weeks, ( )semimonthly, or ( )monthly

      ( )PAYROLL DEDUCTION FROM:                              OR ( )direct pay


1. THIS PLAN (Rule 3015.1 Notice):

   (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19}         ( )YES   (x)NO

   (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF      (x)YES   ( )NO
      THE COLLATERAL FOR THE CLAIM. [See plan provision #7 and #8]

   (C) AVOIDS A SECURITY INTEREST OR LIENS [See plan provision #12]         ( )YES   (x)NO

2. ADMINISTRATIVE EXPENSES: Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. AUTO INSURANCE: ( )Included in plan, OR ( )Not included in Plan; Debtor(s) to provide proof of insurance at Section 341 meeting.

4. DOMESTIC SUPPORT: Paid by ( )Debtor(s) directly, ( )wage assignment, OR ( )Trustee to:     Monthly Plan Payment

   _____; ongoing payment begins _____     $_____
           Approximate arrearage: _____     $_____
   _____; ongoing payment begins _____     $_____
           Approximate arrearage: _____     $_____

5. PRIORITY CLAIMS:
   _____ Amount: _____     $_____
   _____ Amount: _____     $_____

6. HOME MORTGAGE CLAIMS: ( ) Paid directly by Debtor(s); OR ( )Paid by Trustee to:

   _____; ongoing payment begins _____     $_____
          Approximate arrearage: _____     $_____
   _____; ongoing payment begins _____     $_____

        Approximate arrearage: _____  $_____

7. SECURED CLAIMS:
   [Retain lien 11 U.S.C. 1325(a)(5)    Value of Collateral:    Rate of interest:    Monthly Plan Payment:
   _Global Lending Services_____    _$10,164.00_____    __6.5__%    $___210.00_____
   _____    _____    _____%    $_____
   _____    _____    _____%    $_____

8. SECURED AUTOMOBILE CLAIMS FOR DEBT WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:
   [Retain lien 11 U.S.C. 1325(a)]    Value of Collateral:    Rate of interest:    Monthly Plan Payment:
   _____    _____    _____%    $_____
   _____    _____    _____%    $_____
   _____    _____    _____%    $_____

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:
   _____    Collateral: _____
   _____    Collateral: _____

10. SPECIAL CLASS UNSECURED CLAIMS:    Amount:    Rate of interest:    Monthly Plan Payment:
    _____    _____    _____%    $_____
    _____    _____    _____%    $_____
    _____    _____    _____%    $_____

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:
    _____    ( ) Not provided for    OR  ( ) General unsecured creditor
    _____    ( ) Not provided for    OR  ( ) General unsecured creditor

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):
    _____
    _____

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS:  $_____

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:
    ( ) _____%  OR,
    (x) THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:
    _Arbors of Century Center_____  (x) Assumes   OR  ( ) Rejects.
    _____  ( ) Assumes   OR  ( ) Rejects.

17. COMPLETION:  Plan shall be completed upon payment of the above, approximately __60___ months.

18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.

19. NON-STANDARD PROVISIONS:
    _____
    _____
    _____
    ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

20. CERTIFICATION:  THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE AS STATED IN

PROVISION 19.

_/s/Steven F. Bilsky_____     DATE:__1-15-19_____
Debtor(s) Attorney Signature or Pro Se Debtor(s)' Signature